**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

DEC 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NERI VASQUEZ,<br><br>        Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 22-565<br><br>Agency No.<br>A208-081-671<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2023**
Pasadena, California

Before: WARDLAW and BUMATAY, Circuit Judges, and KENNELLY, District Judge.***

Neri Vasquez ("Vasquez"), a native and citizen of Guatemala, petitions for

review of a decision by the ("BIA") dismissing his appeal of an immigration

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

judge's ("IJ") decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT").  We have jurisdiction to review the agency decision under 8 U.S.C. § 1252.  "Where, as here, the BIA adopts the immigration judge's decision and also adds its own reasons, we review both decisions." *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005) (citation omitted).  Reviewing legal questions de novo and the agency's factual findings for substantial evidence, *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013), we deny the petition.

1.      Substantial evidence supports the agency's conclusion that Vasquez has not demonstrated a clear probability of future persecution in Guatemala on account of a protected ground.  Vasquez argues that the murder of his cousin's son, Santos, is an incidence of past persecution that can be imputed to him and thus indicate the likelihood of his future persecution.  Though a finding of past persecution on account of a protected ground would give rise to a "rebuttable presumption of eligibility for withholding of removal," *Flores Molina v. Garland*, 37 F.4th 626, 638 (9th Cir. 2022), the record reflects only that Santos was killed "for being with a girl that had a boyfriend."  This does not suggest a protected ground, and allegations of isolated violence against family members are insufficient to establish a well-founded fear of persecution.  *See Arriaga-Barrientos v. I.N.S.*, 937 F.2d 411, 414 (9th Cir. 1991).

Nor did the agency err in rejecting his proposed social groups of "Guatemalan men returning to Guatemala" and "people returning from the United States after extensive absences" as overbroad.[1] Vasquez reasons that these groups include individuals who have assimilated into American culture and thus differ from other returnee-based social groups that we have rejected. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 –52 (9th Cir. 2010) (holding that "'returning Mexicans from the United States' . . . is too broad to qualify as a cognizable social group"). Even if we accept that assimilation into American culture is an immutable characteristic, the fact that some members of his proposed groups may have assimilated does not address the groups' overbreadth or distinguish them from the group rejected in *Delgado-Ortiz*. The particularity and social distinction requirements for establishing a cognizable social group remain unsatisfied. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020).

2.      Substantial evidence supports the agency's denial of CAT protection because Vasquez failed to establish that it is more likely than not that he will be tortured by or with the acquiescence of the Guatemalan government. Vasquez argues that the "Board incorrectly determined that the record lacks any evidence"

---

[1] Vasquez forfeited any challenge to the agency's rejection of "Guatemalan men opposing gang violence" as a social group by failing to make an argument applicable to that group in his opening brief. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021).

that he would be tortured and that there is a strong likelihood he would "be a victim of harm that could constitute torture" if he returned to Guatemala. But Vasquez points to no evidence in the record to support either claim, and he makes no arguments regarding why the record compels the Board's finding to be overturned. Such conclusory statements are insufficient to meet his burden of proving eligibility for CAT protection.

**PETITION FOR REVIEW DENIED.**